UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Guess, #253980 ) | C/A No. 9:08-2626-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Jon Ozmint, Agency Director; Robert Ward, Division of ) | |
| Operations; Dennis Patterson, State Classification ) | |
| Committee; Kenny Robinson, Inmate; Juan Wright, Inmate; ) | |
| and all involved parties, ) | |
| ) | |
| Defendants. ) | |

This is a civil action filed by a *pro se* plaintiff. Plaintiff alleges that he has been defamed and wrongfully confined as a result of the actions of the defendants. Plaintiff seeks monetary damages and the reinstatement of good time credits and work credits.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even when considered under this less stringent standard, however, it is readily apparent that two of the named Defendants are entitled to summary dismissal.

## DISCUSSION

Plaintiff's Complaint seeks relief under 42 U.S.C. § 1983 for alleged defamation and wrongful confinement as a result of allegations of other inmates that Plaintiff sexually assaulted them. However, in order to state a cause of action under § 1983, a plaintiff must allege that: 1) the defendant(s) deprived him of a federal right, and 2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640; *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50; *See also Hall v. Quillen*, 631 f.2d 1154, 1155-1156 (4th Cir. 1980). There is no allegation that the defendant inmates, Kenny Robinson and Juan Wright, acted under color of state law when making their allegations of sexual assault against Plaintiff. Although a private individual can act under color of state law, his or her actions must occur where the private individual is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington parking Authority*, 365 U.S. 715, 721 (1961).

Here, Plaintiff has alleged no facts that suggest the actions of the defendant inmates were anything other than purely private conduct. Hence, as Plaintiff has failed to allege state action, he has failed to state a claim for deprivation of constitutional rights by either of these two Defendants under § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss *without prejudice* Kenny Robinson and Juan Wright as party defendants in this case. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519



2

(1972). The Complaint will be served on the remaining defendants, John Ozmint, Robert Ward and Dennis Patterson.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 24, 2008
Charleston, South Carolina

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).